IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| KEITH MEREDITH BELL, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | NO. 3:25-cv-01030 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| OFFICER VALERIE MEJIA, et al., | ) | |
| | ) | |
|    Defendants. | ) | |
| | ) | |

## **ORDER**

Pending before the Court[1] is the report and recommendation (Doc. No. 23, "R&R") of the Magistrate Judge, which recommends that the Court grant the motions to dismiss (Doc. Nos. 16 and 21, "Motions to Dismiss") filed by the City of Gallatin, Tennessee (Doc. No. 16) and by Valerie Mejia and Jared Roach (Doc. No. 21). (Doc. No. 23 at 7). More specifically, the R&R recommends that the Motions be granted and that this action, brought by *pro se* Plaintiff, Keith Meredith Bell, be dismissed without prejudice. (*Id.*). No objections to the R&R have been filed and the time for filing objections has now expired.[2]

Absent any objection to the background and relevant facts (regarding the underlying circumstances and procedural history of this case) set forth by the Magistrate Judge in the R&R, the Court adopts that background and those relevant facts (including the sole footnote appended

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the Recommendation with the District Court. For *pro se* plaintiffs, like Plaintiff, the Court is willing to extend this 14-day deadline by three days to allow time for filings to be transported by mail. But even this extension does not help Plaintiff because the R&R was filed on February 26, 2026, and as of April 2, 2026, Plaintiff has not filed any objections.

by the Magistrate Judge to this statement, which is footnote 3 herein) in their entirety and includes it here for reference.

Keith Meredith Bell ("Plaintiff") is a resident of Gallatin, Tennessee. On September 12, 2025, he filed this pro se lawsuit against the City of Gallatin, Tennessee ("City of Gallatin") and two police officers with the Gallatin Police Department - Valerie Mejia ("Mejia") and Jared Roach ("Roach"), who are sued in both their individual and official capacities. *See* Complaint (Docket Entry No. 1). Plaintiff seeks damages under 42 U.S.C. 1983 based on claims that his Fourth Amendment rights were violated by events that occurred on September 13, 2024, when Mejia and Roach came to his residence to perform a well-check after receiving a report that Plaintiff may be suicidal. *Id.* at 3-4. Plaintiff alleges that that the officers entered his home without consent and refused to leave upon his request for them to leave, that he was pushed, physically attacked, and "tased" by the officers for no reason, and that he was ultimately arrested without a warrant. *Id.* at 4. Although summons were issued to Defendants at the time the complaint was filed, the docket reflects that only the City of Gallatin has been served with process. *See* Docket Entry No. 9.[3]

By its motion to dismiss, the City of Gallatin argues that it should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because the factual allegations in the complaint fail to support a claim of constitutional liability against it. *See* Memorandum in Support (Docket Entry No. 17). The City of Gallatin argues that the law is clear that, as a municipal entity, it cannot be held liable under Section 1983 on the basis of respondeat superior and that liability against it must be based on a showing that a municipal policy or custom was the cause of the alleged constitutional violations. *Id.* at 3-4. The City of Gallatin points out that the only factual allegation against it in the complaint is a single sentence in which Plaintiff asserts that the City of Gallatin "authorized these actions," *see* Complaint at 4, which the City of Gallatin contends is both conclusory and insufficient to support a constitutional claim against it.

By their motion to dismiss, Defendants Mejia and Roach seek their dismissal from this action pursuant to Rule 12(b)(5) of the Federal Rules of Civil. *See* Memorandum in Support (Docket Entry No. 22) at 3. They assert that this action was filed in September 12, 2025, and summons were issued at that time but that Plaintiff has failed to serve them with process and that the 90 day time period provided under Rule 4 of the Federal Rules of Civil Procedure for accomplishing service of process has expired. *Id.* at 2-3.

---

[3] In conjunction with filing of his complaint, Plaintiff filed a motion to stay all proceedings because of state criminal charges that were currently pending against him related to the events alleged in his case. By Order entered December 4, 2025 (Docket Entry No. 8), the Court denied the motion without prejudice to being re-filed at a later time after Defendants were served with process and appeared in the case. No other filings on this issue have been made by Plaintiff.

The motions to dismiss were filed on January 20, 2026 (City of Gallatin), and on January 30, 2026 (Defendants Mejia and Roach), respectively. To date, Plaintiff has not filed a response to either of the motions to dismiss or otherwise made any filings in response to the motions

(Doc. No. 23 at 1-3). The Magistrate Judge concluded that the Motions should be granted.

No party has filed objections to the R&R, and the time to file objections with the Court has passed, as explained in a footnote above.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district judge must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the magistrate judge's report or proposed findings or recommendations to which an objection is made.

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-CV-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019); *Hart v. Bee Prop. Mgmt., Inc.*, No. 18-CV-11851, 2019 WL 1242372, at * 1 (E.D. Mich. Mar. 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no objection is made. *Ashraf v. Adventist Health Sys./Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas*, 474 U.S. at 150).

Absent objection, the R&R (Doc. No. 23) is adopted and approved. Accordingly, the Motions to Dismiss (Doc. Nos. 16 and 21) are **GRANTED**, and the case is dismissed in its entirety without prejudice. The Clerk is **DIRECTED** to enter judgment pursuant to Fed. R. Civ. P. 58 and close the file.

IT IS SO ORDERED.

_Eli Richardson_

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE